IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERIC THOMPSON, <br> TDCJ-CID No. 1806899, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | 2:18-CV-027 |
| JOEL GAUNA, *et al.*, | § <br> § | |
| Defendants. | § <br> § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff Eric Thompson, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to 42 U.S.C. § 1983 complaining against the above-referenced Defendants and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is DISMISSED with prejudice.

**BACKGROUND**

Plaintiff states that on May 15, 2017, Defendant Ponce, a TDCJ officer, initiated a disciplinary proceeding against Plaintiff, alleging Plaintiff exposed himself to her in the shower. *See* ECF No. 3, at 7. On May 23, 2017, a disciplinary hearing was overseen by Defendant Simmons, who found the Plaintiff guilty of the offense. *See id*. Plaintiff alleges that Defendant Simmons denied him the opportunity to speak on his own behalf and denied him the right to present evidence. *Id.* Plaintiff argues this was a violation of his Due Process.

Plaintiff also claims that Defendants Gauna and Sorenson affirmed the disciplinary conviction through the denial of grievances. *See id.* Plaintiff states that he received 45 days of cell

restriction, commissary restriction, phone restriction and recreation restriction. *Id*. Additionally, Plaintiff asserts he lost 45 days of good conduct time and was demoted in line class. *Id*. However, Plaintiff's disciplinary conviction was overturned during a Step 2 grievance investigation and his records were corrected. *Id*. at 17.

Plaintiff seeks nominal and punitive damages, as well as declaratory relief through a statement that his Due Process rights were violated. *Id.* at 9. Plaintiff attached a copy of his disciplinary conviction to his Complaint, along with his Step 1 and Step 2 grievances. *See id*. at 11–17.

**LEGAL STANDARDS**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

**ANALYSIS**

Plaintiff argues Due Process violations occurred during his disciplinary proceeding. As against Defendant Simmons, the officer who presided over Plaintiff's disciplinary hearing, Plaintiff alleges a Fourteenth Amendment Due Process Clause claim. According to Plaintiff, when the disciplinary hearing was conducted, he was denied the right to testify or produce evidence on his own behalf. *See* ECF No. 3, at 7. Plaintiff asserts that by the time his disciplinary conviction was overturned he had already served his disciplinary sentence of forty-five (45) days of restrictions. *See id*.

Plaintiff has not stated a viable claim for denial of his right to procedural due process. An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A prisoner charged with institutional rules violations during a prison disciplinary proceeding is only entitled to relief under the Due Process Clause when the disciplinary conviction resulted in a sanction that infringed upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-87 (1995). A Due Process violation may occur as a result of a direct constitutional violation or as the result of a violation of a state-created interest. *Id.* The range of protected interests "has been dramatically narrowed" by the Supreme Court by its *Sandin* opinion. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

The cases indicate that, in order to trigger protection under the Due Process Clause directly, state action must subject the prisoner to consequences that are "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Toney v. Owens*, 779 F.3d 330, 337 (5th Cir. 2015) (quoting *Vitek v. Jones*, 445 U.S. 480, 493 (1980)). Plaintiff's loss of recreation and commissary privileges does not equate to such violations as an involuntary transfer

3

from a state prison to a mental hospital for psychiatric treatment, the forcible administration of psychotropic drugs, or the imposition of sex-offender classification and conditions on a prisoner who has not been convicted of a sex offense. *See Vitek*, 445 U.S. at 493-94; *Washington v. Harper*, 494 U.S. 210, 221-22 (1990); *Toney*, 779 F.3d at 336-37.

Similarly, state-created liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted). A state's action can also implicate procedural due process protection when that action "will inevitably affect the duration of [the prisoner's] sentence." *Id*. at 487.

Plaintiff's claims do not come within the range of protected liberty interests. As mentioned above, Plaintiff suffered the following sanctions as a result of the disciplinary proceeding: (1) he was demoted in line class; (3) he was placed on recreational and commissary restriction for 45 days; and (4) he lost 45 days of good-conduct time. *See* ECF No. 3, at 7. To begin with, Plaintiff's successful Step Two appeal cured any error in the disciplinary proceeding. *Ard v. Leblanc*, 404 Fed. App'x. 928, 929 (5th Cir. 2010); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983) ("The constitution demands due process, not error-free decisionmaking[.]"). Regardless, none of the sanctions imposed on Plaintiff either constituted an "atypical and significant hardship" or inevitably affected the duration of Plaintiff's sentence, as his disciplinary conviction was later overturned, and recreational and commissary restrictions do not constitute "atypical" hardships. The sanctions, as a result, were simply not Constitutionally actionable. Thus, Plaintiff's Due Process Clause claims are frivolous and must be dismissed.

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Civil Rights Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be DISMISSED with prejudice as frivolous.

**SO ORDERED.**

December 2, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE